```
IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
                        CENTRAL DIVISION
_____

STEPHEN M. VAN DAM,           )   **MEMORANDUM DECISION &**
                              )   **DISMISSAL ORDER**
         Petitioner,          )
                              )
    v.                        )   Case No. 2:08-CV-728 TS
                              )
STEVEN TURLEY et al.,         )
                              )
         Respondents.         )   District Judge Ted Stewart
_____
```

Petitioner, Stephen Van Dam, an inmate at Utah State Prison, filed a federal habeas corpus petition here. He challenges his imprisonment since 1983 on convictions for rape (ten-to-life sentence) and two counts of aggravated sexual assault (five-to-life sentences).

On September 24, 2008, Petitioner filed this petition, contesting his 1983 sentencing under 28 U.S.C. § 2254 and the consequent execution of his sentence (effectively) under 28 U.S.C. § 2241. Under § 2254, he argues Utah's indeterminate sentencing scheme, under which he was sentenced, is unconstitutional.

Under § 2241, he argues (1) a matrix predicting his actual imprisonment would last twelve years gave him a liberty expectation, entitling him to due process, which he was not given when his imprisonment went beyond twelve years; (2) the Utah Board of Parole and Pardons (BOP) failed to follow guidelines and provide procedures for appeal in denying Petitioner parole; (3) BOP has no written standards for parole nor criteria for denying

Petitioner parole; (4) inaccurate data in his prison/parole file (i.e., psychological evaluation concluding Petitioner is a threat to society and report that his liver disease is not significant) resulted in BOP entertaining untrue information in determining the length of his prison stay; (5) a 1996 parole date was revoked without reason or explanation; (6) Petitioner had no legal representation in appearances before BOP; (7) his double-jeopardy right was violated because BOP has repeatedly denied parole; and (8) *Labrum* v. *Utah State Bd. of Pardons*, 870 P.2d 902 (1993); *Apprendi v. New Jersey*, 530 U.S. 466 (2000); and *Blakely v. Washington*, 542 U.S. 296 (2004), were all violated.

The State responded, moving the Court to deny this petition because Petitioner has filed his claims past the period of limitation, failed to exhaust his claims, and/or failed to allege a violation of federal law.

## ANALYSIS

### I. Period of Limitation

The statute setting forth the period of limitation for federal habeas petitions reads in pertinent part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

```
                . . . .
                (D) the date on which the factual predicate
                of the claim or claims presented could have
                been discovered through the exercise of due
                diligence.
```

28 U.S.C.S. § 2244(d)(1) (2010).

The Court calculates the period of limitation as to Petitioner's § 2254 claim, using subsection (A) as its guide. Because Petitioner's conviction became final in 1983, before Congress passed the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Petitioner had to file his § 2254 claims within one year of April 24, 1996, adding any time tolled by statute or equitable grounds.  *See id.* § 2244(d); *Gibson v. Klinger*, 232 F.3d 799, 803, 808 (10th Cir. 2000).

As to Petitioner's § 2241 claims, the Court uses subsection (D) as its guide.  So, the Court begins with the date when Petitioner should have discovered his claims.  Petitioner appeared before the BOP in 1993 and 2003.  He thus should have known on those two occasions--definitely by the end of 2003--that indeterminate sentencing applied to him, that BOP determined his release date within his sentencing range (indeed, Petitioner had already been paroled at least once), and that he had no right to an attorney at the hearings.  Likewise, considering Petitioner was convicted in 1983, he should have known by 1995 that the BOP had exceeded the twelve-year term Petitioner asserts he should have served under his matrix.  For the sake of convenience, *for*

*purposes of this Order only*, and because it makes no difference to the final result, the Court uses just the latest possible date, December 31, 2003, to determine the running of the period of limitation on Petitioner's § 2241 claims.

By statute, the one-year period of limitation is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C.S. § 2244(d)(2) (2010). Meanwhile, equitable tolling is also available but "'only in rare and exceptional circumstances.'" *Stanley v. McKune*, No. 05-3100, 2005 U.S. App. LEXIS 9872, at *4 (10th Cir. May 23, 2005) (quoting *Gibson*, 232 F.3d at 808).

Because Petitioner filed no state post-conviction or other-collateral-review applications, there are no grounds for statutory tolling, so the Court considers Petitioner's possible argument of equitable tolling. Petitioner may attempt to excuse his failure to timely file his petition by asserting that the wrongs he suffers are of a continuing nature.

"Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. United States Dist. Court*, 128 F.3d 1283, 1288 (9th Cir. 1997) (citation omitted). Those situations include times "'when a prisoner is actually innocent'"

or "'when an adversary's conduct--or other uncontrollable circumstances--prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period.'" *Stanley*, 2005 U.S. App. LEXIS 9872, at *4 (quoting *Gibson*, 232 F.3d at 808 (citation omitted)). And, Petitioner "has the burden of demonstrating that equitable tolling should apply." Because Petitioner has not argued actual innocence, the Court focuses on possible uncontrollable circumstances--i.e., Petitioner's argument that he suffers a continuing wrong because his final--effective--sentence has never really been imposed and will not be imposed until he is released for good.

Petitioner is mistaken that he has experienced a continuing wrong that can be addressed at any time, until his final release, in federal habeas proceedings. It is well settled that "'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'" *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (citation omitted). No matter what Petitioner believes, his sentences were final in 1983: one ten-to-life and two five-to-life terms. The outside of these ranges--life--absolutely marked the outside time of his final release. Regardless of his misunderstanding about how these sentencing ranges work, Petitioner should have known, at the very latest, by December 31, 2003, that his parole

proceedings violated his expectations about his constitutional rights. Still he did not file this federal habeas petition until nearly five years later--too late. Meanwhile, as to his § 2254 claim, Petitioner's time to file ran out on April 24, 1997.

During the running of the federal period of limitation and beyond, Petitioner apparently took no steps himself to "diligently pursue his federal claims." His response shows no signs of this kind of self-directed tenacity. In sum, the circumstances raised by Petitioner did not render it beyond his control to timely file his petition here.

Accordingly, the above claims before the Court were filed past the one-year period of limitation. And, neither statutory exceptions nor equitable tolling apply to save Petitioner from the period of limitation's operation. Petitioner's claims are thus denied.

## II. Alternative Denial on the Merits

### a. Utah's Indeterminate Sentencing Scheme

Petitioner attacks the constitutionality of Utah's indeterminate sentencing scheme. Very recently, the same challenges were soundly rejected by the Tenth Circuit. *See Straley v. Utah Bd. of Pardons*, 582 F.3d 1208 (10th Cir. 2009). The Court thus denies any relief on the basis of Petitioner's sole § 2254 claim.

### b. Questions of State Law

The Court next addresses Petitioner's assertions under § 2241 that he was entitled to release after twelve years, based on the matrix; that BOP did not protect his constitutional rights in determining not to grant him parole (by writing standards, following guidelines, providing appeal information, giving him representation, using "false" information, subjecting him to "double jeopardy"); and that *Labrum* was violated.

Under § 2241, "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C.S. § 2241(c) (2010). As to BOP's decision about the length of Petitioner's prison stay and its denial of constitutional rights in determining whether to grant parole, Petitioner never states how any of this violates any federal rights. Nor can he do so effectively. After all, "there is no [federal] constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence"--in this case, a span extending to life in prison. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Neither does the Utah parole statute create a liberty interest entitling prisoners to federal constitutional protection. *See Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994). Also, "'[t]here is no constitutional right to an attorney

in state post-conviction proceedings.'" *Thomas v. Gibson*, 218 F.3d 1213, 1222 (10th Cir. 2000) (quoting *Coleman v. Thompson*, 501 U.S. 722, 752 (1991) (citations omitted)).

The Court also considers Petitioner's arguments based on *Labrum*. See *Labrum*, 870 P.2d 902. *Labrum* is Utah law and is neither controlling nor persuasive in this federal case. It is well-settled that a federal court may grant habeas relief only for violations of the Constitution or laws of the United States. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Errors of state law do not constitute a basis for relief. *Estelle*, 502 U.S. at 67; *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). Petitioner thus has no valid argument here based on state law.

### c. *Apprendi*

*Apprendi* holds that, generally, "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. Petitioner apparently argues that BOP's decision to keep him in prison past his twelve-year-matrix prediction increases the penalty for his crimes without the decision of a jury. However, this is not true. The outside penalty, from the time of sentencing, for all three of Petitioner's convictions was always *life*. No decision by BOP, with or without the decision of a jury, can possibly increase

8

this penalty. Petitioner simply misapprehends the meaning of *Apprendi*. It is wholly inapplicable to this circumstance.

### d. *Blakely*

*Blakely* does not help Petitioner either. In *Blakely,* the Supreme Court held, in the context of Washington's *determinate* sentencing scheme, that a judge could not, based on a fact found by himself and not the jury, increase a defendant's sentence beyond the statutory maximum. *Blakely*, 542 U.S. at 308-14. This is clearly inapposite to this case, involving a *state indeterminate* sentencing scheme and the determination of length of imprisonment *within a valid sentencing range*. Further, the Court has already cited *Straley* as authority for the constitutionality of Utah's indeterminate sentencing scheme. *Straley*, 582 F.3d at 1213.

### e. Liver Transplant

Petitioner's claim alleging inadequate medical treatment--i.e., that he needs a liver transplant--is inappropriately brought in this habeas petition. If Petitioner wishes to further pursue this civil rights claim regarding the conditions of his confinement, he may do so in a § 1983 complaint.

### CONCLUSION

Petitioner's claims are all denied because they were filed past the period of limitation and neither statutory nor equitable tolling apply. Alternatively, Petitioner's § 2254 claim is

9

denied on the merits because his attack on Utah's indeterminate sentencing scheme is invalid.  Also, alternatively, Petitioner's § 2241 claims are denied on the merits because they do not state a violation of federal law.  Finally, Petitioner's claim regarding inadequate medical care is improperly brought in this habeas corpus case.

IT IS THEREFORE ORDERED that Respondents' motion that the Court deny this petition is GRANTED.  (*See* Docket Entry # 9.)  This case is CLOSED.

DATED this 16th day of February, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge